[Submitting Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Meta Browser Tracking Litigation | Case No. 4:22-cv-05267-JST |
| | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |

WHEREAS, the Parties hereto desire to obtain a protective order to prevent inappropriate dissemination or inappropriate disclosure of information and tangible things; which are believed to be confidential and proprietary by the holder thereof; and

WHEREAS, such information and tangible things likely will include, among other things, sensitive, confidential, proprietary, trade secret, and/or private information;

IT IS HEREBY STIPULATED, and subject to the Court's approval, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions govern the disclosure and discovery of information and tangible things in these proceedings.

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to the following Stipulated Protective Order.  The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information and tangible things that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation or non-designation of Disclosure or Discovery Material under this Stipulated Protective Order.

2.2    Competitor: The term "competitor" will have its ordinary meaning, which solely for purposes of this case based on the allegations in this case, includes, for example, Google, Apple, YouTube, Tencent, Snap, Twitter, ByteDance, Microsoft, and Amazon. Meta has the right to update and amend this list by notifying the Parties in writing of additional competitors for purposes of this case.

2.3    "CONFIDENTIAL" Protected Material:  Protected Material (regardless of how it is generated, stored or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c), or the disclosure of which may cause harm to a Party or Non-Party.

2.4    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates, or that has a reasonable expectation of the right to designate, Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6    Disclosure or Discovery Material:  all information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony and transcripts), that are produced, disclosed or used in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. The entities listed in Section 2.2 are Meta's competitors for purposes of compliance with this Section.  If compliance with this Section becomes impracticable, the parties shall meet and confer in good faith to reach agreement on an appropriate alternative.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material: "Confidential Protected Material," disclosure of which to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means, including but not limited to: proprietary design and development materials for products and/or services, sensitive products and/or services, and strategic decision-making information.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material:  "Protected Material" representing or consisting of Source Code as defined in section 2.18.

2.10    House Counsel:  attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party.

2.13   <u>Party</u>:   any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>:   any Disclosure or Discovery Material that qualifies for protection under FRCP 26(c) that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18   <u>Source Code</u>: computer code, associated comments, and/or revision histories for computer code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

3.   <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain, including through trial or otherwise, after its disclosure to a Receiving Party as a result of

3

publication not involving a violation of this Order, or unlawful conduct; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial will be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for Protected Material in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.  For Protected Material that is produced in native electronic format, the designation legend must be included in the file name and on any slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). The provisions described in this paragraph are not intended to replace or override the procedures applicable to the review or inspection of material designated "HIGHLY CONFIDENTIAL – SOURCE CODE", which are described in Paragraph 9 of this Stipulated Protective Order.

(b) <u>for testimony given in deposition or other pretrial hearing,</u> that the Designating Party either (1) identifies on the record or (2) identifies, in writing, within 21 calendar days of receipt of the final transcript, that the transcript must be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  To the extent a deponent gives testimony regarding exhibits that are designated Protected Material, unless the Parties

agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition.

Parties shall give the other Parties notice if they reasonably expect a deposition or other pretrial proceeding include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material must have an obvious legend on the title page that the transcript contains Protected Material, and the title page must be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.  During the 21-day period for designation, Parties shall treat any transcript that was not designated on the record pursuant to the first paragraph of Section 5 above as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety.  After the expiration of that period or of such earlier time that such transcript is designated, the transcript will be treated only as actually designated.

(c) for Protected Material produced in some form other than documentary and for any tangible things, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(d) If a Party obtains any documents or information of another Party that it knows or has reason to believe was taken or leaked without permission, prior to any access, disclosure or use of such documents or information, the obtaining Party must provide the other Party with an opportunity for review of the material for determination of confidentiality and designation under this Protective Order as well as any applicable privileges or protections from discovery.  If the Designating Party designates any Protected Material, Section 5.3 *Inadvertent Failure to Designate* will apply to govern Confidential Information.  To

the extent the Designating Party determines the material is privileged and/or protected from disclosure, the provisions of the 502(d) Order will govern privileged or protected material.  The Parties will follow all requirements to provide replacement documents and destroy the originals.

5.3     <u>Inadvertent Failure to Designate</u>.  An inadvertent failure to designate qualified Disclosure or Discovery Material does not waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order, which may require a Party withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation.  Within a reasonable time after the correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

In the event that a Producing Party inadvertently fails to designate Protected Material, the Producing Party shall give written notice of such inadvertent production (the "Inadvertent Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation.  Upon receipt of an Inadvertent Production Notice and properly labeled Protected Material, the Receiving Party shall promptly sequester the inadvertently produced Protected Material, destroy the inadvertently produced Protected Material and all copies thereof, or return such together with all copies of such Protected Material to counsel for the Producing Party. Should the Receiving Party choose to destroy such inadvertently produced Protected Material, the Receiving Party shall notify the Producing Party in writing of such destruction within 14 calendar days of receipt of the Inadvertent Production Notice and properly labeled Protected Material.  This provision is not intended to apply to any production of any document, material, or testimony protected by attorney-client or work product privileges, which is separately addressed in the 502(d) order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality or non-designation at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order.  The Parties must attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 calendar days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Civil Standing Orders. The parties may file a joint letter brief, not to exceed five pages without leave of Court, regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Upon receipt of the joint letter brief, the Court will determine what future proceedings are necessary.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

        7.1      Basic Principles.

        (a)  A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation and associated appeals.

        (b)  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

        (c)   A Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION) for the Duration of this Stipulated Protective Order.

        (d)  A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

        ~~7.2      Data Security of Protected Material. [~~**~~The Parties have submitted competing position statements~~**~~]~~

        ~~Any Receiving Party or any person in possession of or transmitting of another Party's Protected Material must maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect and secure the Protected Material from loss, misuse, unauthorized access and disclosure, and protect against any reasonably anticipated threats or hazards to the security of the Protected Material. Reasonable administrative, technical, and physical safeguards may include, but are not limited to: utilization of Secure File Transfer Protocol (SFTP), Secure Sockets Layer (SSL), or Virtual Private Network (VPN) technologies when transferring files; encryption of the data when data is being transferred to the Receiving Party; encryption of the data when data is at rest when being stored by the Receiving Party; controlled access to the files themselves (e.g., background checks for personnel handling the data stored in servers, rooms, etc.); an audit trail that maintains a record of all activity by both system and application processes and by user activity with any operating system(s), application(s), file system(s), or file(s) that stores or interacts with the Protected Material; agreement~~

9

1  between parties as to specified vendor and data security technologies; liquidated damages provision for

2  breach, secured by a bond or other security; access rights management; physical space and device access

3  and usage controls; or where applicable, incorporation of statutory or sectoral standards and specifications.

4  To the extent the Receiving Party or any person in possession of or transmitting another Party's

5  Protected Material does not have an information security program, the Receiving Party may comply with

6  this Data Security provision by having Protected Material maintained by and/or stored with a secure

7  eDiscovery/litigation support site(s) or claims administrator that maintains an information security

8  program that complies with the requirements above or otherwise aligns with standard industry practices

9  regarding data security.

10  Any Protected Material in paper format must be maintained in a secure location with access limited

11  to persons entitled to access the Protected Material under this Stipulated Protective Order. The Receiving

12  Party will take reasonable steps to limit the number of copies that are made of another Party's Protected

13  Material that is produced in paper format.

14  If a Receiving Party or any person in possession of or transmitting another Party's Protected

15  Material discovers any loss of Protected Material or a breach of security, including any actual or suspected

16  unauthorized access, relating to another Party's Protected Material, the Receiving Party or any person in

17  possession of or transmitting another Party's Protected Material shall: (1) promptly provide written notice

18  to the Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the

19  effects of the breach, and provide Designating Party with assurances reasonably satisfactory to

20  Designating Party that such breach will not reoccur; and (3) provide sufficient information about the

21  breach that the Designating Party can reasonably ascertain the size and scope of the breach. The Receiving

22  Party or any person in possession of or transmitting any Protected Material agrees to cooperate with the

23  Designating Party in investigating any such security incident. In any event, the Receiving Party or any

24  person in possession of or transmitting any Protected Material shall promptly take all necessary and

25  appropriate corrective action to terminate the unauthorized access.

26  [**Plaintiffs' Position:** Omit Section 7.2 in full. Plaintiffs oppose inclusion of Section 7.2 to the

27  Stipulated Protective Order. The model order does not contain any section that corresponds to Meta's

28  proposed language, which imposes obligations on the Parties beyond those contemplated in the model

order. As written, Meta's proposed Section 7.2 requires the Parties to maintain a "written information security program" regardless of whether the Parties currently maintain one or not. This restriction binds the Parties to a set a policies and practices that may not be applicable outside the context of the litigation. Although Meta's proposed Section 7.2 allows the Parties to comply with this provision by retaining an eDiscovery/litigation support vendor, no documents have been produced in this litigation. Therefore, the Parties have not yet retained any such vendor and cannot yet know whether any vendor they intend to retain can comply with the terms of this section. Additionally, Meta's proposed Section 7.2 obligates the Parties to take steps to remediate a data breach even when the breach does not occur on the Receiving Party's system. This requires the Parties to incur unknown costs to rectify a problem that may be outside their control. Moreover, Section 7.1(d) of the Stipulated Protective Order already obligates the Parties to "store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order." Dictating how the Parties comply with this obligation requires the Parties to adhere to an inflexible standard that fails to account for alternative methods of compliance the Parties successfully used in other litigation. Accordingly, Plaintiffs oppose inclusion of Meta's proposed Section 7.2.]

**[Defendant's Position:** Meta has inserted Section 7.2, which requires the maintenance of reasonable data security safeguards designed to protect and secure Protected Material from loss, misuse, or unauthorized access or disclosure.  The Model Order requires storage of produced data in a "secure manner" to prevent unauthorized access, and the purpose of proposed Section 7.2 is to provide clarity as to what is needed in order to achieve compliance with this obligation.  The provision requires the implementation of information security "consistent with standard industry practices," provides illustrative examples of such practices, and defines steps to be taken by a party in the event of a breach resulting in theft or unauthorized access of protected material (thus supplementing agreed paragraph 12 of the Protective Order, which addresses steps to be taken after an inadvertent disclosure of protected information by a party as opposed to intentional theft by an external actor).  A party whose systems do not meet industry standards can easily comply by using a reputable eDiscovery vendor. This provision is necessary because Plaintiffs' claims implicate highly confidential source code, and Plaintiffs have already indicated they intend to request highly confidential information relating to product and business strategies

1  ~~and other sensitive information whose disclosure could severely harm Meta.  Such "ESI productions . . .~~
2  ~~can be ripe targets for corporate espionage and data breach," Sedona Principles (3d Ed.), 19 Sedona Conf.~~
3  ~~J. 1, 179 n. 147 (2018), a concern underscored by the increasing frequency with which law firms have~~
4  ~~become targeted—successfully—by cybercriminals.  See, e.g., Law 360: "Law Firm Data Breaches~~
5  ~~Continue to Rise" (Feb. 6, 2023) ("Law firms continued to be hot targets for cybercriminals this past year~~
6  ~~given       the       confidential       information       they       possess")       (available       at~~
7  ~~https://www.law360.com/pulse/articles/1573082/law-firm-data-breaches-continue-to-rise).  Accordingly,~~
8  ~~Meta believes that more specific and robust security assurances are appropriate in this matter compared~~
9  ~~to what is included in the Model Order.]~~

10       7.3     <u>Disclosure of "CONFIDENTIAL" Protected Material</u>.  Unless otherwise ordered by the
11  Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected
12  Material designated as "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – ATTORNEYS'
13  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

14          (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees
15  of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this
16  litigation;

17          (b) the officers, directors, and employees (including House Counsel) of the Receiving Party
18  to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment
19  and Agreement to Be Bound" (Exhibit A);

20          (c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom
21  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and
22  Agreement to Be Bound" (Exhibit A);

23          (d) the Court and its personnel;

24          (e) stenographic reporters, videographers, court reporters and their staff;

25          (f) professional jury or trial consultants including mock jurors who have signed a
26  confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this
27  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

(h) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(i) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.6(a), below, have been followed;

(c) the Court and its personnel;

(d) stenographic reporters, videographers, court reporters and their staff;

(e) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(g) any mediator who is assigned to this matter and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.5     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to five Experts[1] (as defined by this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.6(a), below, have been followed;

(c) the Court and its personnel;

(d) stenographic reporters, videographers, court reporters and their staff;

(e) professional jury or trial consultants (but not mock jurors) who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(g) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.6     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Disclosure or Discovery Material to Experts.

---

[1]   For the purpose of this provision, the limitations on "Experts" does not include an individual's employees, staff, partners, consultants, or any other direct or indirect reports. To the extent it becomes impracticable to comply with the limit on the number of experts who may access Source Code, the parties shall meet and confer in good faith to determine whether access may be provided to additional experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material, must first make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the Party to the litigation for whom such work was done, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the Protected Material specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 calendar days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert the parties shall follow the Court's Civil Standing Orders. The parties may file a joint letter brief, not to exceed five pages without leave of Court, regarding the requested disclosure within 21 days of the initial notice of objection or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth above) with the Court shall automatically waive the objection to the disclosure by the Designating Party.

1   In any such proceeding, the Party opposing disclosure to the Expert bears the burden of proving

2   that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the

3   Receiving Party's need to disclose the Protected Material to its Expert.

4   8.   PROSECUTION BAR

5   Absent written consent from the Designating Party, any individual bound by this agreement who

6   receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

7   CONFIDENTIAL – SOURCE CODE" Protected Material must not be involved in the prosecution of

8   patents or patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL –

9   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material

10  to which access is received, before any foreign or domestic agency, including the United States Patent and

11  Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly

12  or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent

13  claims.  Prosecution includes, for example, original prosecution, reissue, and reexamination and other

14  post-grant proceedings.  To avoid any doubt, "prosecution" as used in this paragraph does not include

15  representing a Party challenging a patent before a domestic or foreign agency (including, but not limited

16  to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, covered

17  business method patent review, or *inter partes* review).  This Prosecution Bar begins when access to

18  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

19  SOURCE CODE" Protected Material is first received by the individual and ends two (2) years after the

20  Duration of this action has expired

21  9.   DISCLOSURE AND INSPECTION OF SOURCE CODE

22      (a)   To the extent production or disclosure of Source Code is requested in this case, a

23  Producing Party may permit inspection of Source Code in a manner that maintains security and

24  confidentiality of the requested Source Code.  Any Source Code that is offered for inspection must be

25  given all protections of "HIGHLY CONFIDENTIAL – SOURCE CODE" and only individuals to whom

26  "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed, as set forth in Paragraphs 7.5 and

27  7.6 may inspect the Source Code.

28

(b)     Any Source Code to be produced or disclosed in discovery will be made available for inspection upon reasonable notice to the Producing Party, which must not be less than five (5) business days in advance of the requested inspection.  A secured computer containing the Source Code in a format allowing it to be reasonably reviewed and searched ("Source Code Computer"), will be made available during normal business hours (9:00 am to 5:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's Counsel selected by the Producing Party or another mutually agreed upon location.    The Source Code inspection must occur in a room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.  All persons entering the inspection room where the Source Code is being viewed shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart.

(c)     The Receiving Party may request paper copies of limited portions of Source Code that are necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial.  Under no circumstances will a Receiving Party be provided paper copies for the purposes of reviewing the Source Code as review of Source Code is only permitted electronically as set forth in paragraph (b) above. In no case will the Receiving Party receive more than 15 consecutive pages or an aggregate of more than 200 pages of Source Code during the duration of the case without prior written approval of the Producing Party. If compliance with the page limitations described in the preceding sentence becomes impracticable, the parties shall meet and confer in good faith to reach agreement on an appropriate alternative. Using the software available on the Source Code Computer, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date.  The request for printed Source Code must be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is requesting.  Within five (5) business days of such request, the Producing Party shall provide one copy of

17

all such Source Code on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  If the request is served after 5:00pm Pacific Time, it will be deemed served the following business day.  The Requesting Party may challenge the amount of Source Code to be provided in hard copy form pursuant to the dispute resolution procedure set forth in Section 6.

(d)     The Receiving Party shall maintain a log of all paper copies of the Source Code. The log must include the names of all reviewers and recipients of paper copies and locations where each paper copy is stored.  Upon three (3) day's advance written notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.  The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in accordance with Section 9(h) below.  The Receiving Party is prohibited from creating any electronic or other images or making electronic copies of the Source Code from any paper copy of the Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code) and must not convert any of the Source Code contained in the paper copies into any electronic format.  Images or copies of Source Code must not be included in correspondence between the Parties (references to production numbers must be used instead) and must be omitted from any publicly filed pleadings and other papers.  Nothing in this Section impairs the Receiving Party's right to submit material under seal in accordance with Section 14.4.  The Receiving Party may only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) necessary for trial.  The Receiving Party shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (c) in the first instance.  To the extent a deposition is likely to involve Source Code, the Party taking the deposition, shall provide at least seven (7) calendar days written notice of that fact, and the Producing Party will make a Source Code Computer available at the deposition, minimizing the need for additional paper copies of Source Code.  The Producing Party is not required to create a new Source Code Computer for the purpose of depositions.  Any paper copies used during a deposition will be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(e)      The Producing Party shall install tools that are sufficient for viewing the Source Code produced for inspection on the Source Code Computer. The Receiving Party's Outside Counsel and/or experts/consultants may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Producing Party shall approve reasonable requests for additional commercially available software tools. The Receiving Party must provide the Producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least six (6) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  The Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the Receiving Party.  By way of example, the Producing Party will not compile or debug software for installation.

(f)      The use or possession of any electronic input/output device, or any device that can access the Internet or any other network or external system (other than Source Code Computer) including, without limitation, USB memory stick, mobile phone, smart phone, tablet, computer, smart watches, personal digital assistants (PDAs), Blackberries, Dictaphones, voice recorders, camera or any camera-enabled device, CD, DVD, floppy disk, portable hard drive, laptop, or device of any kind, is prohibited from the Source Code review room.

(g)      The Receiving Party's Outside Counsel and/or experts/consultants will be entitled to take hand-written notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(h)      The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code and any notes taken during the inspection of the Source Code that reveal the substance or content of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code. No more than a total of

19

five (5) persons[2] identified by the Receiving Party, excluding Outside Counsel, may have access to the Source Code. To the extent it becomes impracticable to comply with the limit on the number of persons who may access Source Code, the parties shall meet and confer in good faith to determine whether access may be provided to additional experts.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

        10.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

                (a) promptly notify in writing the Designating Party.  Such notification must include a copy of the subpoena or court order;

                (b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification must include a copy of this Stipulated Protective Order; and

                (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

                If the Designating Party timely seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order must not produce any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protected Material.  The Designating Party bears the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

---

[2]   For the purpose of this provision, a "person" does not include an individual's employees, staff, partners, consultants, or any other direct or indirect reports.

another court.  Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protected Order provides against disclosure in any other litigation.

10.2    The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Stipulated Protective Order.

(b)  The terms, remedies, and relief provided by this Stipulated Protective Order are applicable to Disclosure or Discovery Material produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(c)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

(d)    If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the

Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties and Court have entered a separate Order under Fed. R. Evid. 502(d) that governs the production of documents protected from discovery.

14.   MISCELLANEOUS

14.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Export Control.  The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws, including without limitation the Export Administration Guidelines, and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted.  The Receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data. No Protected Material may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Material (including copies)

in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  The restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.  Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

14.4 <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

14.5 <u>Privilege Logs.</u>  The Parties' agreement regarding the requirements for, timing, format, and content of privilege logs is memorialized in a separate agreement.

15. <u>FINAL DISPOSITION</u>

Within 60 calendar days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding

this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of paper copies of Source Code.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16.     <u>OTHER PROCEEDINGS</u>.

By entering this Stipulated Protective Order and limiting the disclosure of Disclosure or Discovery Material in this case, the Court does not intend to preclude another court from finding that Disclosure or Discovery Material may be relevant and subject to disclosure in another case.  Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that Protected Material should be disclosed.


Dated: April 28, 2023                    Respectfully submitted,


                                         By: */s/ Reid Gaa*
                                         Adam E. Polk (SBN 273000)
                                         Simon S. Grille (SBN 294914)
                                         Kimberly Macey (SBN 342019)
                                         Reid Gaa (SBN 330141)
                                         **GIRARD SHARP LLP**
                                         601 California Street, Suite 1400
                                         San Francisco, CA 94108
                                         Telephone: (415) 981-4800
                                         apolk@girardsharp.com
                                         sgrille@girardsharp.com
                                         kmacey@girardsharp.com
                                         rgaa@girardsharp.com


                                         John J. Nelson (SBN 317598)
                                         **MILBERG COLEMAN BRYSON
                                          PHILLIPS GROSSMAN, PLLC**
                                         280 S. Beverly Drive
                                         Beverly Hills, CA 90212
                                         Telephone: (858) 209-6941

jnelson@milberg.com

Gary M. Klinger (*pro hac vice* forthcoming)
Alexandra M. Honeycutt (*pro hac vice* forthcoming)
Nick Suciu (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON**
 **PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com
ahoneycutt@milberg.com
nsuciu@milberg.com

*Attorneys for Plaintiffs*

Dated:                                    By: */s/ Serrin Turner*
Elizabeth L. Deeley (Bar No. 230798)
*elizabeth.deeley@lw.com*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone:  +1.415.391.0600

Serrin Turner (*pro hac vice*)
*serrin.turner@lw.com*
Marissa Alter-Nelson (*pro hac vice*)
*Marissa.alter-nelson@lw.com*
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10022-4834
Telephone:  +1.212.906.1200

*Attorneys for Defendant Meta Platforms, Inc*

25

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 4:22-cv-05267-JST

1    **[PROPOSED] ORDER**

2         PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4    Date: _____ May 2, 2023 _____    _____

5                                                             Hon. Jon S. Tigar
                                                             United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 4:22-cv-05267-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

I, Reid Gaa, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil L.R. 5-1(h)(3), I hereby attest that all counsel have concurred in this filing.

Dated:  April 28, 2023                          */s/ Reid Gaa*

Reid Gaa

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 4:22-cv-05267-JST

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *In re Meta Browser Tracking Litigation*.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 4:22-cv-05267-JST