[Submitting Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re Meta Browser Tracking Litigation | Case No. 4:22-cv-05267-JST<br><br>[PROPOSED] **STIPULATED FEDERAL RULES OF EVIDENCE 502(d) CLAWBACK ORDER** |

## 1. PURPOSE

Pursuant to Federal Rules of Evidence 502(d), the production or disclosure of any documents protected from discovery, including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively "privilege or protection"), and accompanying metadata ("Protected Material"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents as to the Receiving Party[1] or any third parties in this or in any other state or federal proceeding regardless of the circumstances of the disclosure.  This Paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents. Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation. Nothing contained herein requires the production of Protected Documents, and no party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

## 2. CLAWBACK AGREEMENT

In the event that a Producing Party discovers that it produced Protected Document(s), the Producing Party shall, within a reasonable time, provide written notice to the Receiving Party of the claim of privilege or protection (a "Clawback Notice") sufficiently identifying the Protected Document(s).

As soon as practicable after providing the Clawback Notice, the Producing Party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document that has been redacted to protect the privilege or protected material and utilizing the same bates number(s) as the original; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld. Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court.

---

[1] Unless otherwise noted, all capitalized terms shall have the same definitions as contained in the parties' Stipulated Protective Order.

### 3. PROCEDURES FOLLOWING CLAWBACK NOTICE

a) Within fourteen (14) business days of receipt of a Clawback Notice (regardless of whether the Receiving Party agrees with or plans to challenge the Producing Party's claim of privilege or protection), the Receiving Party must promptly return, sequester, or destroy the Protected Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents and certify to the Producing Party when this return and/or destruction is complete. [**Plaintiffs' Proposal:** The Receiving Party shall not further review or use the information designated as privileged for any purpose, except to contest the Producing Party's assertion of privilege or other protection or submit the information to the Court for review or use the content of the item(s) in letter briefing to the Court, until further Order of the Court. **Defendant's Proposal:** Omit Plaintiffs' proposed language].

b) If a Receiving Party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the Receiving Party shall notify the Producing Party of its challenge within 14 business days of receiving the Clawback Notice.

c) Within 14 business days of the Producing Party receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, the parties shall submit the dispute to the Court for resolution by way of joint letter.

d) [**Plaintiffs' Proposal:** Nothing in this Stipulation prevents a Receiving Party from submitting the item(s) listed in the Clawback Notice to the Court for review or using the content of the item(s) in letter briefing to the Court, submitted in connection with any challenge to such Clawback Notice that is raised in accordance with this Section. The Receiving Party shall file such submissions under seal or request in camera review, absent agreement otherwise by the Producing Party. If any information is found to be privileged or protected, in accordance with the procedures described herein all copies of the information shall be returned or destroyed. The joint discovery letter brief must be filed under seal and the Receiving Party must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. **Defendant's Proposal:** The Receiving Party must not use or disclose the Protected Document(s) covered by the Clawback notice during the time in which the Receiving Party is challenging the Protected Document(s).]

1  [**Plaintiffs' Position:** Plaintiffs propose including Section 3. This Section is intended to provide the Court with necessary information and context during any dispute regarding a Clawback Notice, which is particular necessary since the Parties have deleted language permitting a "quick peek" process pursuant to Federal Rule of Civil Procedure 26(b)(5) in the Stipulated Order re Discovery of ESI. To prevent misuse of any document subject to this provision, the Receiving Party is required to sequester, destroy, or return the document and is prohibited from reviewing the document or using the information for any purpose other than challenging the Clawback Notice. To the extent there are concerns a party has violated the 502(d) order, that violation could be raised with the Court. Further, this Section eliminates potential disputes over the submission of a clawed back document by ensuring that both Parties are empowered to submit it to the Court. Plaintiffs therefore believe this Section should be included in the 502(d) order to promote efficiency and fairness in any challenge to a Clawback Notice.]

[**Defendant's Position**: Meta opposes Plaintiffs' proposal that a party be allowed to retain a copy of a privileged document to submit to the Court in the event of a privilege dispute. Meta, instead, seeks the document's immediate return or destruction. To the extent that the Court desires a copy of the document in order to adjudicate a privilege dispute, the disclosing party is the proper party to submit it. Allowing the receiving party to retain a copy risks improper use of another party's privileged material. *See In re Google RTB Consumer Priv. Litig.*, 2022 WL 1316586, at *4 (N.D. Cal. May 3, 2022) (holding that a party could not make use of the privileged document in challenging a privilege designation and noting that "[i]f the producing party's clawback notice includes a description of the challenged document that is sufficiently specific to permit the receiving party to understand and evaluate the privilege claim, that should be sufficient for the parties to have an informed discussion about the challenge"); *see also* Fed. R. Civ. P. 26(a)(5)(B) ("[a]fter being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has" and "must not use or disclose the information until the claim is resolved"). Consistent with the federal rules, other orders entered in this District require the immediate destruction of challenged documents. *See, e.g., Illumina Cambridge Ltd. v. Complete Genomics Inc.*, No. 3:19-mc-80215-WHO (TSH) (Aug. 12, 2020) (ECF 81) ("The parties expressly acknowledge that documents which are inadvertently produced cannot be sequestered by a receiving party for submission

~~to the Court."); *Windy City Innovations v. Microsoft Corp.*, No. 4:16-cv-01729-YGR (Aug. 2, 2016) (ECF 65) ("Upon correction of a designation, the Receiving Party . . . shall return or destroy, at the Designating Party's option, all qualified information or items that were not designated properly."); *Societe du Figaro, SAS v. Apple, Inc.*, No. 4:22-cv-04437-YGR-TSH (Jan. 20, 2023) (ECF 60) ("Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, or destroy such Discovery Material and certify that destruction to the Producing Party.").]~~

e)  Any analyses, memoranda, or notes or portions thereof which were internally generated and contain or were based upon the item(s) or information listed in the Clawback Notice shall immediately be sequestered, and shall be destroyed in the event that (a) the Receiving Party does not contest that the information is privileged or subject to other protection, or (b) the Court rules that the information is privileged or otherwise protected. Such analyses, memoranda or notes or portions thereof may only be removed from sequestration in the event that (a) the Producing Party agrees in writing that the information is not privileged or otherwise protected, or (b) the Court rules that the information is not privileged or otherwise protected.

4.  **PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED PROTECTED DOCUMENTS**

In the event that a Receiving Party discovers that it has received or examined Document(s) that are or may be subject to a claim of privilege or protection, the Receiving Party promptly shall (i) sequester the Document(s), and (ii) within four business days of such discovery, notify the Producing Party of the possible production or disclosure by identifying the bates range(s) of the Document the Receiving Party believes are or may be privileged or protected, and were or may have been produced or disclosed (a "Production Notice"). Upon the Producing Party receiving a Production Notice, if the Producing Party determines that the subject Documents are privileged or protected, the Receiving Party shall immediately sequester, destroy, or return the Protected Documents and the Producing Party shall promptly provide any replacement images as described in section 2 above.

### 5. **PROCEDURES DURING DEPOSITION AND HEARING**

a) If, during a deposition, a Producing Party claims that a Document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected, the Producing Party may, in its sole discretion, do one or more of the following: (a) allow the Protected Document to be used during the deposition without waiver of any claim of privilege or protection; (b) allow questioning about the Protected Document but instruct the witness not to answer questions concerning the parts of the Protected Document containing privileged or protected material; or (c) object to the use of the Protected Document at the deposition to the extent the entire document is privileged or protected, in which case no questions may be asked and no testimony may be given relating to the Protected Document or the privileged or protected portion of the Document until the matter has been resolved by agreement or by the Court. In all events, once the Protected Document is no longer in use at the deposition, the Receiving Party shall immediately sequester all copies of the Document. As to any testimony subject to a claim of privilege or protection, the Producing Party shall serve a Clawback Notice within four (4) business days after receipt of the final transcript of the deposition, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable. Pending determination of the any challenge to such a Clawback Notice, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 3. In the event the Court decides the clawback dispute in the Receiving Party's favor and the Receiving Party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision. With respect to any testimony that is the subject of a Clawback Notice that is sent five (5) to twenty (20) days after receipt of the final deposition transcript, the procedures set forth in Sections 2 and 3 shall apply upon a showing of good cause for the Producing Party's service of the Clawback Notice after the initial four (4) day period. With respect to any document or testimony that is the subject of a Clawback Notice that is sent more than twenty (20) days after receipt of the final deposition transcript, the asserted privilege or protection will be deemed as waived absent extraordinary circumstances. Pending determination of the clawback dispute, all parties with access to the deposition transcript shall treat the

relevant testimony in accordance with Section 3.

b) If a Receiving Party uses discovery materials in a brief or at a hearing, and the Producing Party has not served a Clawback Notice as to those materials in advance of the briefing event or hearing, the Producing Party must serve a Clawback Notice within four (4) business days of receipt of the briefing or of the hearing. Thereafter, the procedures set forth in Section 3 apply. With respect to any produced material used in a brief or at a hearing that is the subject of a Clawback Notice that is sent five (5) to twenty (20) days after the briefing event or hearing, the procedures set forth in Sections 2 and 3 shall apply upon a showing of good cause for the Producing Party's service of the Clawback Notice after the initial four (4) day period. With respect to any produced material used in a brief or at a hearing that is the subject of a Clawback Notice that is sent more than twenty (20) days after the filing of the brief or conclusion of the hearing, the asserted privilege or protection will be deemed as waived absent extraordinary circumstances. To the extent any privileged or protected material is placed into the public record in connection with briefing or a hearing, the receiving party shall (a) withdraw the portion of the briefing and exhibits that contain privileged or protected material or (b) join or not oppose a motion to seal the privileged or protected material.

### 6. PROHIBITION ON USE OF PRIVILEGED INFORMATION

To the extent any party is aware that it has obtained Protected Documents, has received a Clawback Notice, or it is reasonably apparent that the party has obtained privileged or protected information through production, disclosure, or communications, such Protected Documents and/or information may not be submitted to the Court, presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action. The party must immediately notify the opposing party of its possession of such privileged information and certify the return or destruction of the Protected Documents and/or information.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: April 28, 2023                                Respectfully submitted,

By: */s/ Reid Gaa*
Adam E. Polk (SBN 273000)
Simon S. Grille (SBN 294914)
Kimberly Macey (SBN 342019)
Reid Gaa (SBN 330141)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
apolk@girardsharp.com
sgrille@girardsharp.com
kmacey@girardsharp.com
rgaa@girardsharp.com

John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON**
 **PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive
Beverly Hills, CA 90212
Telephone: (858) 209-6941
jnelson@milberg.com

Gary M. Klinger (*pro hac vice* forthcoming)
Alexandra M. Honeycutt (*pro hac vice* forthcoming)
Nick Suciu (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON**
 **PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com
ahoneycutt@milberg.com
nsuciu@milberg.com

*Attorneys for Plaintiffs*

Dated: April 28, 2023                                By: */s/ Serrin Turner*
Elizabeth L. Deeley (Bar No. 230798)
*elizabeth.deeley@lw.com*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
Telephone:  +1.415.391.0600

Serrin Turner (*pro hac vice*)
serrin.turner@lw.com
Marissa Alter-Nelson (*pro hac vice*)
*Marissa.alter-nelson@lw.com*
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10022-4834
Telephone: +1.212.906.1200

*Attorneys for Defendant Meta Platforms, Inc*

### [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: __May 2, 2023__                      _____
                                            Hon. Jon S. Tigar
                                            United States District Judge